**No. 59033.**—American Express Co. *v.* United States, protest 246646–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

**No. 59034.**—Carole Stupell, Ltd. *v.* United States, protest 246675–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

**No. 59035.**—Hudson Shipping Co., Inc. *v.* United States, protest 246976–K (New York).

**No. 59036.**—Robert & Company, Inc. *v.* United States, protest 247053–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

**No. 59037.**—H. Reifenberg *v.* United States, protest 247116–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

**No. 59038.**—Fuerst Brothers (New York), Incorporated *v.* United States, protest 247157–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

BEFORE THE FIRST DIVISION, MAY 11, 1955

**No. 59039.**—Humble Oil & Refining Co. *v.* United States, petition 7161–R (Galveston).

OLIVER, Chief Judge: This is a petition, filed under the provisions of section 489 of the Tariff Act of 1930, seeking the remission of additional duties imposed by reason of the appraised value exceeding the entered value of seamless steel line pipe exported from Dusseldorf, Germany, and imported at the port of Houston, Tex.

Four witnesses appeared herein. All appeared on behalf of petitioner. The uncontradicted testimony was obtained from the purchasing agent of the peti-